UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:19-cr- 113-ORL- 40TBS

18 U.S.C. § 2252A(a)(2)

ERIC BALES

18 U.S.C. § 2422(b)

## INFORMATION

The United States Attorney charges:

## COUNT ONE

On or about November 12, 2018, in the Middle District of Florida, and elsewhere, the defendant,

ERIC BALES

did knowingly distribute child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

## COUNT TWO

From on or about October 1, 2018, through on or about November 15, 2018, in the Middle District of Florida, and elsewhere, the defendant,

ERIC BALES,

using a facility and means of interstate commerce, that is, the Internet and a cellular phone, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically, production of child pornography under 18 U.S.C. § 2251(a).

In violation of 18 U.S.C. § 2422(b).

## FORFEITURE

1.      The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. §§ 2253 and 2428.

2.      Upon conviction of a violation of 18 U.S.C. §§ 2252A(a)(2), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

a.      Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110;

b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

2

c.       Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.       Upon conviction of a violation of 18 U.S.C. § 2422(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

a.       any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

b.       any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

4.       The property to be forfeited includes, but is not limited to, the following: an iPhone 8 (serial #F4GvJG72JC6C) and a 2009 Apple laptop (serial #W89Z85EZ642).

5.       If any of the property described above, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be

3

subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant

to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S. C. §

2461(c).

MARIA CHAPA LOPEZ
United States Attorney

By:

Brandon Bayliss
Assistant United States Attorney

By:

Sara C. Sweeney
Assistant United States Attorney
Deputy Chief, Orlando Division

4