AF Approval _____          Chief Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                    CASE NO. 6:19-cr- 113-on-40735

ERIC BALES

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of

Florida, and the defendant, ERIC BALES, and the attorney for the defendant,

Corey I. Cohen, mutually agree as follows:

### A.    Particularized Terms

1.    Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and

Two of the Information.  Count One charges the defendant with distribution

of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).  Count Two

charges the defendant with enticement of a minor, in violation of 18 U.S.C. §

2422(b).

2.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of

imprisonment of five years and a maximum term of imprisonment of 20 years,

a maximum fine of not more than $250,000, a term of supervised release of at

Defendant's Initials _____

least five years and up to a maximum of life, and a special assessment of $100. Count Two is punishable by a mandatory minimum term of imprisonment of ten years and a maximum term of imprisonment of life, a maximum fine of not more than $250,000, a term of supervised release of at least five years and up to a maximum of life, and a special assessment of $100.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving:  (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

Defendant's Initials _EB_                2

3.      Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:      The Defendant knowingly distributed an item or items of child pornography;

Second:   The items of child pornography had been transported in interstate or foreign commerce, including by computer; and

Third:     When the defendant distributed the items, the defendant believed the items were or contained child pornography.

The elements of Count Two are:

First:      The defendant knowingly intended to persuade, induce, or entice an individual to engage in sexual activity, as charged;

Second:   The defendant used the Internet or a cellular telephone to do so;

Third:     At the time, the defendant believed that the individual was less than 18 years old;

Fourth:    If the sexual activity had occurred, one or more of the individual(s) engaging in sexual activity could have been charged with a criminal offense, in this case, production of child pornography under 18 U.S.C. § 2251(a).

Defendant's Initials _____      3

4.      Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.      No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.      Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to the victims.

7.      Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _EB_                    4

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 2253 and 2428, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: an iPhone 8 (serial #F4GvJG72JC6C) and a 2009 Apple

Defendant's Initials _EB_          5

laptop (serial #W89Z85EZ642), which assets were used during the commission of the offenses.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

Defendant's Initials _EB_          6

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.

Defendant's Initials _EB_                7

The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant

may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

9.    Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of Homeland Security Investigations (HSI) or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty. As such, defendant hereby relinquishes all claim, title, and interest he has in the

Defendant's Initials ⏀B          9

computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs HSI, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of: a Sony Playstation; a Seagate external hard drive (serial #NAZE6HCM); a T-Mobile cellular phone (serial #32784149ED8A); an iPod (serial #DKLDPL1QDCP7); and a black iPhone model A1387.

10.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and

Defendant's Initials _EB_              10

addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.     Standard Terms and Conditions**

    1.     Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not

Defendant's Initials _EB_        11

limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied. On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $200, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials _EB_          12

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United

Defendant's Initials _EB_                13

States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.   <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States

Defendant's Initials _EB_          14

Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

    7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

       The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to

Defendant's Initials _EB_        15

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

     8.   <u>Middle District of Florida Agreement</u>

        It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

     9.   <u>Filing of Agreement</u>

        This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

     10.   <u>Voluntariness</u>

        The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges

Defendant's Initials _EB_      16

defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _EB_          17

11.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __10th__ day of ___May_____, 2019.

MARIA CHAPA LOPEZ
Acting United States Attorney

ERIC BALES
Defendant

Brandon Bayliss
Special Assistant U.S. Attorney

Corey I. Cohen
Attorney for Defendant

Sara C. Sweeney
Assistant United States Attorney
Deputy Chief, Orlando Division

Defendant's Initials _CB_          19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:19-cr-113-021-45135

ERIC BALES

## FACTUAL BASIS

In August 2018, Immigration and Customs Enforcement (ICE)
Homeland Security Investigations (HSI) Orlando received information from
the Royal Canadian Mounted Police through the HSI Ottawa Attaché
regarding several KIK accounts suspected of being involved in child
exploitation.  Included in this list was the username justwaves02.  KIK
observed that justwaves02 was active in a chat group with the group name,
"In-cest group Canada come join."  The report generated by KIK regarding
this chat group showed five users sharing files without any dialogue.
Justwaves02 sent multiple video files to the group on August 18, 2018, all
through IP address 72.239.178.20.  According to KIK's content identification
system, these video files depicted child pornography.  KIK provided HSI with
a log of the child pornography sent by justwaves02, user information
maintained on the justwaves02 account, and KIK connection logs for
justwaves02.

Defendant's Initials _EB_          20

The video files sent by justwaves02 included a 3-5 year old performing oral sex on an adult male, and multiple videos of 5-11 year old children engaged in sexual intercourse with adult males.  Justwaves02 sent these videos on August 18, 2018, between 17:05:47 and 21:41:42 UTC.  Kik provided the following subscriber details for justwaves02:

| | |
|---|---|
| First Name: | Just |
| Last Name: | Blah |
| Email: | snapsucks889@yahoo.com |
| Username: | justwaves02 |
| DOB: | 01-09-1998 |
| Device Type: | iPhone |
| Registration: | July 18, 2018 |
| IP Address: | 72.239.178.20 |

KIK's connection logs showed that on various dates from July 18, 2018 through August 20, 2018, justwaves02 was connected through IP address 72.239.178.20 (associated with Spectrum, hereinafter "IP Address 1").  HSI Orlando obtained the Spectrum records associated with IP Address 1.  The information returned was:

| | |
|---|---|
| Name: | Axx   Gxxx |
| Billing/Service Address: | 1901 Puritan Ave., Winter Park, FL 32792 |
| Home Phone: | 407-xxx-xxxx |
| Service Phone: | 321-xxx-xxxx |

On October 23, 2018, HSI Orlando conducted a search of the Florida Department of Motor Vehicles (DMV) Driver and Vehicle Information

Defendant's Initials _S.B._                     21

Database (DAVID) for the address 1901 Puritan Avenue, Winter Park, FL 32792. The results indicated that Florida driver's license #B420-219-88-110-0 was issued to ERIC WILLIAM BALES (DOB: March 30, 1988) on October 27, 2017. The address listed for ERIC BALES was 1901 Puritan Avenue, Winter Park, FL 32792. BALES had registered a 2011 black GM sport utility vehicle under that address.

HSI Orlando special agents conducted surveillance at 1901 Puritan Ave. on various dates in October and November of 2018. They observed the black GM SUV registered to BALES parked in the driveway on those occasions. The agents also discovered a password protected WiFi signal titled "1901."

During this time period, HSI special agents queried law enforcement databases for other derogatory information associated with 1901 Puritan Ave. and its residents[1]. HSI Orlando discovered that in November of 2009, the Marion County Sheriff's Office conducted an online investigation targeting pedophiles seeking to have sex with children on Yahoo messenger. A deputy (posing as a 14 year-old female) was contacted by Yahoo user RyRyman16. The subject initially claimed to be 17, but later admitted to be 21. The subject

---

[1] An older family member also lived in the home with ERIC BALES. Both BALES' statements and the special agents' observations indicate that the family member was not involved in the charged criminal activity.

made several comments about masturbation, and later suggested meeting up with the alleged victim to engage in kissing and getting to know each other. Later in the day, the subject sent a picture of an erect penis and requested pictures in return. The subject said that his name was Eric, and directed the deputy (posing as a 14 year-old girl) to myyearbook.com. When the deputy joined myyearbook.com he/she was immediately invited to become friends with ERIC BALES. The Marion County Sheriff's Office investigation revealed that the internet connection tied back to Axx Gxxx at 1901 Puritan Ave., Winter Park, FL 32792.

In October of 2014, the Oviedo Police Department filed charges on ERIC BALES for lewd and lascivious behavior on a victim between 12 and 15 years of age. The Oviedo Police Department documented an incident where a 14 year-old girl was lured to sneak out of her home to meet with a man in a park. The man wanted oral sex, which she performed. After she was finished, the male tried to force himself on her, but stopped when she said no. The male penetrated her vagina with his fingers during their interaction. The man gave the victim $20 and told her it was ok. The Oviedo Police Department documented other text messages later from the same subject seeking another meeting with the victim. The victim advised that she met the man she knew as "Bryan" on social mobile applications. The Oviedo Police Department was

Defendant's Initials _EB_          23

able to identify and arrest ERIC BALES.  BALES was allowed to plea to a lesser charge, willful child abuse, and was sentenced to three years in prison. BALES served two of the three years and was released without supervision.

On November 15, 2018, HSI Orlando special agents executed a search warrant of the residence at 1901 Puritan Ave.  ERIC BALES answered their knocks on the door and agreed to talk to the agents after they identified themselves.  BALES indicated that he lived in the home with his uncle. BALES added that Axx Gxxx was listed as the subscriber on the home's Spectrum internet service.  In his initial conversation with the special agents, BALES admitted to seeing child pornography on KIK Messenger.

A special agent advised BALES that he and the other agents would be executing a search warrant at his residence.  BALES was read a Statement of Rights from ICE Form 73-025, allowed to read the Statement of Rights on his own, and asked if he would be willing to continue to answer questions from the agents.  BALES willingly waived his right to remain silent and signed the waiver section of ICE Form 73-025 before the discussion continued.

BALES admitted that while the agents were knocking on the door he hid his laptop computer under his bed and his phone in his closet.  BALES provided the passcodes for two iPhones and a laptop computer.  The agents showed BALES screen shots from videos uploaded by justwaves02 on August

Defendant's Initials _EB_          24

18, 2018.  BALES said that he recognized two of the screen shots as videos of
child pornography that he had previously viewed.  BALES said that he
received those videos as a result of posting child pornography online.  BALES
said that he then shared those videos as well.  BALES said that he received
and shared hundreds of files of child pornography in the last six months.

HSI Certified Forensic Analyst Charles Grey later determined that on
November 15, 2018, BALES' iPhone 8 (serial #F4GvJG72JC6C) contained
approximately 30 images depicting child pornography, and that BALES' 2009
Apple laptop (serial #W89Z85EZ642) contained approximately 20 videos
depicting child pornography.

When BALES' iPhone was unlocked, KIK Messenger was already
open on the screen.  BALES said that he had been chatting with a girl he
believed to be 16 years old earlier that morning.  BALES stated that he had
solicited her to send him more child pornography.  BALES directed HSI
Special Agent Ken McClenahan to that chat session.  SA McClenahan
observed a chat between Just Blah (BALES) and a user later identified as
Minor Victim.  Because the KIK Messenger application does not retain
lengthy chat histories, the observable portion of the chat between BALES and
Minor Victim began on November 12, 2018.  The following is a transcript of
parts of the chat.

Defendant's Initials ⸺ӃB        25

Just Blah – "Are u going to do as daddy tells u" "because u love him?"

Minor Victim– "Yes" "Maybe"

Just Blah – "Maybe?"

Minor Victim– "Idk I found brush" "But I feel like imma puke brb"

\* \* \*

Just Blah – "U know u can send me pics of u anytime ur bored I love seeing u so it's a gift every time u send one"

Minor Victim – "Okay"

Just Blah – "Can't help it just love u to much I hope I make u happy"

Minor Victim – "Oh Okay"

Just Blah – "Come cuddle and make out"

Minor Victim – "Ight"

Just Blah – "We are playing tonight"

Minor Victim – "Lol y"

Just Blah – "Cuz it's fun and I want u to cum again"

Minor Victim – "Oh omay"

Just Blah – "Ur daddy's and if I want u to play u will be a good girl"

Just Blah – "Have u ever woke up and ur pussy was sore and sticky"

Minor Victim – "A lil"

Just Blah – "How old were u"

Minor Victim – "13"

Just Blah – "Just wore panties to bed" "?"

Defendant's Initials _E B_      26

Minor Victim – "Yea"

Just Blah – "Only happen once or a few times"

Minor Victim – "Idk"

Just Blah – "How sore were u"

Minor Victim – "Sore"

Just Blah – "Were were u sticky" "Where" "And do u remember falling a sleep that night"

Minor Victim – "Yea"

Just Blah – "Did you masterbate that night or no"

Minor Victim – "No"

Just Blah – "That might have been the first time u had a dick in u"

Minor Victim – "O"

Just Blah – "Who was there that could of did it"

Minor Victim – "Idk"

Just Blah – "Have u work up sore and sticky in the last few months?"

Minor Victim – "No"

Just Blah – "Whats some of the things u were forced to do during sex"

Minor Victim – "Idk"

Just Blah – "Use to sneak out on the weekend to let ur tight pussy get used baby"

Minor Victim – "Yea"

Just Blah – "I'll have to come sometime this month"

Minor Victim – "Y lol"

Defendant's Initials _____   27

**Just Blah** – "To see u baby" "Going to sneak out for me?"

**Minor Victim** – "I cant"

On the evening of November 14, 2018, the chats continued.

**Minor Victim** – "Can u send me the videos I have sent u so ik what ones I have"

**Just Blah** – "Yea the masterbating?" "Lol why did u make me more lol"

* * *

**Minor Victim** – "Yea just send em"

**Just Blah** – "K" "Send a pic of u baby"

**Minor Victim** – "Its to early lol"

> Just Blah (BALES) then sent seven videos of Minor Victim
> masturbating on her bed with a blue hairbrush and an electric
> toothbrush.[2]

**Just Blah** – "Send me new ones"

**Minor Victim** – "That's y I was seeing I will tonight"

**Just Blah** – "Lol going to show someone these and how ur daddy's naughty little girl" wink emoji "?"

**Minor Victim**– "No im not" "Also imma try and get a lil more sleep"

**Just Blah** – "Why did u need them?"

**Minor Victim**– "Just to see what I have done but goodnight"

**Just Blah** – "Wait"

---

[2] The bedsheets and pillow were later observed by SA Eggland during his site visit and interview with
Minor Victim and her mother in Fort Myers, FL.

Defendant's Initials _EB_          28

Minor Victim– "Wut"

Just Blah – "Send me a pic of panties" "that u have on"

Minor Victim– "No babe"

Just Blah – "Now" "U will do as ur daddy tells u"

Minor Victim– "Not rn"

Just Blah – "Babe do u have videos of u getting fucked or sucking?" "Be honest"

Minor Victim– "No stop I am trying to sleep"

Just Blah – "u will learn to be nicer to me do u understand u ignore me a lot" "Do u fucking understand"

Minor Victim– "U know what we aint gonna work like I really am trying but this aint gonna work so have a good day"

Just Blah – "No ur mine" "U been acting weird" "Ur mine or I'll post ur videos" "Are I gonna be a good girl" "U"

Minor Victim– "No I haven't u just keep saying that but wont tell me how and u keep cussing at me and u dont own me either im a person not a thing"

Just Blah – "Ur my baby"

Just Blah – "U been so distant or ignoring me ignoring something I asked" "Like why u won't let me come see u"

* * *

Just Blah – "I love u brat"

Minor Victim– "Love u to dork"

Just Blah – "Ur my world"

Minor Victim– "Ur world is really small and boring then lol"

Just Blah – "Not to me" "But you are really tight" wink emoji

Defendant's Initials        29

**Minor Victim– "Lol"**

**Just Blah – "Want daddy to send u to school full of cum"**

**Minor Victim– "idk"**

**Just Blah – "My cum dripping from u for a while" "Live me enough not to wear panties today"**

**Minor Victim– "I have to and im already in the car anyway"**

Further review of BALES' iPhone revealed that on November 13, 2018, he had engaged in a KIK chat with another user (hereinafter "Victim 2") in hat group "#10yoto35yo". The following is a summary transcript of that chat.

**Just Blah - "Hi" "Nice Lips"**

> Just Blah then sends a picture that appears to be a male hand covered in what appears to be male ejaculate.

**Just Blah – "Like?"**

**Victim 2 – "? I dunno"**

**Just Blah – "How old are u"**

**Victim 2 – "14 u"**

**Just Blah – "16" "Any pics of u?" "I bet ur cute"**

> Just Blah then sends a picture that appears to be a female 10-16 years old with braces performing oral sex on an adult male penis.

**Just Blah – "Like that?"**

**Victim 2 – "Is that ur gf. Ya"**

**Just Blah – "No its not" "Do u have a pic of u I can see" "I'll send you more"**

Defendant's Initials _EB_        30

KIK account.  Minor Victim also confirmed that she had previously sent

pornographic images of herself to Just Blah on KIK Messenger.