**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

        **v.**                **Case No. 6:19-cr-113-Orl-40EJK**
                                     **(Forfeiture)**

**ERIC BALES**

**UNITED STATES' MOTION FOR ENTRY OF**
**PRELIMINARY ORDER OF FORFEITURE**

The United States moves this Court, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), 18 U.S.C. §§ 2253, and 2428, to enter a Preliminary Order of Forfeiture, which, upon entry, shall become a final order of forfeiture as to the defendant for an iPhone 8, serial number F4GvJG727JC6C.   In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.**      **Statement of Facts**

1.      On March 13, 2019, a two count Information was filed.   Doc. 8. Count One charged the defendant with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).   Count Two charged the defendant with enticement of a minor, in violation of 18 U.S.C. § 2422(b).   As a result of the offenses charged in Counts One and Two, the United States sought the forfeiture of the defendant's interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.   Specifically, the United States sought to forfeit the above-described cellphone.   *Id.* at 3.

2.     On May 13, 2019, the United States and the defendant entered into a plea agreement.   Doc. 10.   In paragraph eight of his plea agreement, entitled "Forfeiture of Assets," the defendant agreed that the above-described cellphone was used during the commission of the offenses.[1]   *Id.* at 5-6.

3.     On May 22, 2019, the defendant pled guilty to Counts One and Two of the Information.   Doc. 12.   On May 23, 2019, the Court accepted the plea of guilty and adjudicated him guilty as to Counts One and Two.   Doc 21.   The defendant is scheduled to be sentenced on November 20, 2019.   Doc. 39.

**II.     Applicable Law**

The Court's authority to order forfeiture of property for violations of 18 U.S.C. § 2252A(a)(2) is founded upon 18 U.S.C. § 2253.   Section 2253 provides that a person who is convicted of that offense . . . shall forfeit to the United States . . . any property, real or personal, used or intended to be used, to commit or to promote the commission of such offense, or any property traceable to such property.   In addition, the Court's authority to order forfeiture of property for violations of 18 U.S.C. § 2422(b) is founded upon 18 U.S.C. § 2428.   Similarly, § 2428 provides for the forfeiture of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation.

---

[1] The defendant also agreed to forfeit a 2009 Apple laptop, serial number W89Z85EZ642.   Because that laptop was not used to commit the specific offenses for which the defendant pled guilty, the seizing agency will proceed with an administrative forfeiture action against the laptop.

2

Rule 32.2(b)(1) requires that if the United States seeks the forfeiture of specific property, the Court must determine whether the United States has established the requisite nexus between the property and the offense.   In so doing, the Court makes both a factual determination regarding the sufficiency of the nexus between the offense and the property sought for forfeiture, and a legal finding as to what property is subject to forfeiture.

## III.   **Factual Basis**

The defendant admitted in the Factual Basis of his Plea Agreement that on November 12, 2018, he used his iPhone to send videos containing child pornography to a minor.   Factual Basis at 25-30.   He further admitted to using his iPhone to persuade, induce, or entice a minor to engage in sexual activity. *Id.* at 25-35.

If the Court finds that the United States has established the requisite nexus between the property sought for forfeiture and the violation charged in Counts One and Two of the Information, then it is appropriate for the Court to enter a Preliminary Order of Forfeiture, forfeiting to the United States all right, title, and interest in the cellphone in accordance with 18 U.S.C. §§ 2253, 2428, and Rule 32.2(b)(2).

**IV.**   <u>**Conclusion**</u>

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture, pursuant to 18 U.S.C. §§ 2253, 2428, and Fed. R. Crim. P. 32.2(b)(2), forfeiting to the United States all right, title, and interest in the subject cellphone.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property.   Determining whether a third party has any interest in the property must be deferred until a third party files a claim in an ancillary proceeding under Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment.   *See also United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, and to

enter any further order necessary for the forfeiture and disposition of such

property.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:    *s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney
Florida Bar Number 0820601
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
(407) 648-7500 – telephone
(407) 648-7643 – facsimile
E-mail: nicole.andrejko@.usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2019, I electronically filed the
foregoing with the Clerk of the Court by using the CM/ECF system which will
send a notice of electronic filing to the following:

Corey I. Cohen, Esquire

By:    *s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney