UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA


UNITED STATES OF AMERICA

                                        Criminal Case No.:
                                        6:19-CR-113-ORL-40TBS

ERIC BALES
_____/

## DEFENDANT'S  SENTENCING MEMORANDUM

Eric Bales, by and through his undersigned attorney, respectfully submits his Sentencing Memorandum for this Honorable Court's consideration.  Mr. Bales requests this  Court  to review the  circumstances  of  his case pursuant  to  18  U.S.C.  §  3553  and  impose  a  sentence  below the guideline range.

## STATEMENT OF FACTS

1.      Pursuant to a Plea Agreement the defendant pled guilty to Count 1 and Count 2 of the Information.   Count 1 charges the defendant with distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and Count 2 charges the defendant with enticement of a minor, in violation of 18 U.S.C. § 2422(b).

2.      Mr. Bales's sentencing hearing is set before this Honorable Court on November 20, 2019 at 2:00 p.m.

3.      The Presentence Report (PSR) calculates  Mr. Bales's total offense level as  a level  43 with  a criminal  history category  II.   This gives him a guideline range of Life. There is also a required term of supervised release of at least 5 years up to life.

## MEMORANDUM OF LAW

### Introduction

This memorandum addresses the question of what the appropriate sentence for Mr. Bales is based on his conviction for these charges. As part of the analysis, this memorandum examines the issue of whether a variance is appropriate pursuant to 18 § 3553, notwithstanding the calculation of the sentence determined by the guidelines.

### I.   Booker and its Progeny Provides the Court with the Discretion to Impose a Sentence Below the Guideline Range

A district court's discretion is no longer limited by the guidelines since its matrix is now considered merely advisory. *United States v. Booker* 543 U.S. 220, 245-67 (2005). Thus, a court is now unencumbered in its ability "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 552 U.S. 38, 53 (2007) (quoting *Koon v. United States,* 518 U.S. 81 (1996)). The use of the guidelines in other than an advisory function violates the defendant's Sixth Amendment Rights. *Booker,* 543 U.S. at 244-45 (Part Two, Breyer, J.).

Congress has identified four "purposes" of sentencing: punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2). To achieve these ends, § 3553(a) requires sentencing courts to consider not only the advisory Guidelines range, but also the facts of a specific case through the lens of seven factors. *Id.* § 3553(a)(1)-(7). In *United States v. Hunt*, 459 F.3d 1180 (11th Cir. 2006), the court summarized the factors that must be considered under § 3553(a), including:

(1) the nature and circumstances of the offense and the history and
characteristics of the defendant;
    (2) the need for the sentence imposed--
        (A) to reflect the seriousness of the offense, to promote respect for the law,
           and to provide just punishment for the offense;
           (B) to afford adequate deterrence to criminal conduct;
           (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or
           vocational training, medical care, or other correctional
           treatment in the most effective manner;
    (3) the kinds of sentences available;
    (4) the kinds of sentence and the sentencing range established . . .;
    (5) any pertinent [Sentencing Commission] policy statement . . .;
(6) the need to avoid unwarranted sentence disparities among defendants with
similar records who have been found guilty of similar conduct; and
    (7) the need to provide restitution to any victims of the offense.

**II.**    **_An Examination of the § 3553 Factors Establishes that a variance is Warranted in this case_**

The following sections analyze the § 3553 factors against the factual backdrop of Mr. Bales's case.

**1.**    **The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

        *A.*    *The Nature and Circumstances of the Offense*

Mr. Bales was active in a chat group where he shared child pornography with other members of this chat room. This initiated an investigation into Mr. Bales and agents obtained a search warrant for his home. During the execution of the warrant Mr. Bales was very cooperative providing passwords for two iPhones and his laptop computer. Mr. Bales also contemporaneously gave information about another individual who was also sending and receiving child pornography that he had met online.

Upon search of the cell phones the agents discovered that Mr. Bales was chatting with a girl who had sent him videos who he has enticed. Mr. Bales was honest and forthcoming with the agents

and assisted them in discovery of this information without the need for further warrants.

*B. The History and Characteristic of the Defendant.*

Mr. Bales most prominent aspect of his background is his claim of being sexually assaulted as a child. He believes his mother's boyfriend raped him while he was asleep as a child. He was then introduced to child pornography at the age of 12 by a woman in her 30's who he had an online relationship with which was sexual in nature. It also appears evident that Mr. Bales has had obstacles to the developmental phases of his human growth and development, such as his extremely stunted employment history.

*C. The Defendant's Physical and Mental Health Issues.*

Mr. Bales has physical issues. At 6'2" tall, and 380 pounds, Mr. Bales is morbidly obese, with a likely body-mass index of 49. This would have major implications for life expectancy. According to medical literature, sever obesity can shorten a person's life by 10 years. [1]

According to §5k2.22. Specific Offender Characteristics as Grounds for Downward Departure in Child Crimes and Sexual Offenses (Policy Statement), an extraordinary physical impairment may be a reason to depart downward only if, and only to the extent permitted by §5H1.4. According to §5H1.4. Physical Condition, etc (Policy Statement), physical condition or appearance, including physique may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with other offender characteristics, is presented to an unusual degree, and distinguishes the case from the typical cases covered by the guidelines. This becomes important when we look at the time Mr. Bales served in prison in 2015. Mr. Bales was sentenced to three (3) years DOC for a child abuse case. While in prison Mr. Bales was attacked numerous times by inmates. He had his jaw broken and lost 3 teeth as a

---

[1] An individual is considered morbidly obese if he or she is 100 pounds over his/her ideal body weight, has a BMI of 40 or more. https://www.urmc.rochester.edu/highland/bariatric-surgery-center/question/morbid-obesity.aspx.

result of the beatings.   He was extorted for money while in prison by inmates who pulled weapons

on him, Additionally, he was picked on and harassed by the inmates and guards due to his physical

and mental issues.   He was extorted by other inmates and was viewed and prayed upon because

he is an easy target.   For Mr. Bales a lengthy prison sentence could ultimately end up being a

death sentence, and while there is a 10-year minimum mandatory on Count 2, I would submit that

10 years in prison for Mr. Bales would be the equivalent of  a much longer sentence due to the

physical and mental abuse he will potentially receive at the hands of the inmates and guards due

to his physical and mental issues, not to mention the nature of the charges.

Mr. Bales has severe mental health issues as well.   (See Exhibit "A") These began as

early as elementary school where he started having suicidal thoughts.   Much of this can be

attributed to being obese and having a learning disability.   He was made fun of throughout his

life and had very low self-esteem and depression.  Mr. Bales also suffers from schizophrenia and

hears voices.   He started hearing voices as a child.   This is compounded by his mom's bf

molesting him when he was 12 years old.   Mr. Bales remember going to bed and waking up with

his underwear down and semen on his body.

Mr. Bales was taken advantage of by a woman in her 30's when he was 12.   He met this

woman on the internet.  The relationship started with phone calls and then she started to show

herself to him via webcam and eventually she made him masturbate while she watched on video.

This was Mr. Bales first time masturbating and he didn't understand fully what was going on.

More importantly, she sent him images and videos that contained child pornography.   This went

on for approximately a year and a half.

There have been numerous cases throughout the country where the District Court Judges

gave a variance based on sexual abuse as a child and mental health and medical issues.  *United*

*States v. Hall,* No. 12-CR-20119 (W.D. Tenn. Jan 16, 2013) (Sentenced to time served (one day) followed by 10 years of supervised release, with 5 years of home confinement, where defendant had been sexually abused as a child and suffered from serious medical problems and depression); *United States v. Shore,* No. 06-CR-00335 (E. D. Cal. 2007) (defendant was victim of molestation, possessed over 4,500 images, and shared images); *United States v. Bender,* 12-CR-128 (M.D. Fla. 2013) (sentenced to time served (one day) followed by 10 years of supervised release with two years on home confinement where defendant was young, suffered from depression, was vulnerable to abuse in prison, presented a low rick of harm to others).

Although under §5H1.3 <u>Mental and Emotional Conditions </u>(Policy Statement), Mental and emotional conditions may not be relevant in determining whether a departure is warranted in a case involving child crimes and sexual offenses, the combination of Mr. Bales physical, and mental and emotional conditions may accrue in a manner as to make the service of a term of Life imprisonment unusually onerous, and thus more punitive than contemplated by the law of the guidelines.   Therefore, a sentence under the advisory guidelines may constitute a sentence that is greater than necessary according to the statutory purposes of sentencing.

*D. The Defendant is amenable to treatment.*

Mr. Bales would benefit greatly from sex offender treatment and mental health therapy. Mr. Bales never got that treatment with his previous case due to the charges being a non-sex offense and no probation to follow.   Ironically, had he pled to a sex offense he would have received this treatment and would have had his internet access limited.   There will now be stringent conditions that Mr. Bales must follow if given the opportunity to serve a term of supervised release after a term of imprisonment. *United States v. Duhon,* 581 F. 3d 391 (5th Cir. 2008) (defendant would benefit from continued psychological treatment with his doctor).

*E.  The Defendant's childhood and upbringing*

Mr. Bales grew up poor.   His dad suddenly left him when he was five (5) years old

without much explanation.   Mr. Bales was aware his father was an alcoholic and cheated on his

mom.   Mr. Bales grew up in a household where there was constant yelling and screaming.

After Mr. Bales father left, he would only see him once a year and at times Mr. Bales felt like

his father forgot about him.   He remembers his dad not knowing it was his birthday many times.

Mr. Bales later on had a new father figure in his life.

Mr. Bales mom's boyfriend was also an alcoholic and drug addict.   His addiction was

so bad that Mr. Bales mother would have to hide any cash they had in Mr. Bales backpack as a

kid so that the boyfriend wouldn't steal it to buy drugs and or alcohol.    When Mr. Bales was 8

years old, he remembers this man making him drive to the gas station because the mom's

boyfriend was too drunk to drive himself.   This man was also verbally and physically abusive

to Mr. Bales and his mother.   He would punch Mr. Bales in the face and call him stupid.  Mr.

Bales who was already suffering from extremely low self-esteem and depression would be

mentally tormented by this man.  Mr. Bales did not feel safe as a child in his own home.   This

is the same person who sexually molested him at the age of 12.   He was also arrested for

beating up Mr. Bales mother.

*F.  The Guidelines are overstate based on the Defendant's Conduct*

Mr. Bales understands how serious his charges are and has taken full responsibility from

day one when the investigators came to him home.   With that said, Mr. Bales never had any

intention of meeting this girl and having any sort of sexual contact with her or any other victim.

Mr. Bales has psychological issues that led him down this path.   At the age of 12 being

subjected to child pornography by a much older woman and being a victim of it himself he is

clearly repeating the cycle of abuse.   While his conduct should not be tolerated, he also should not get life in prison.   He did not kill anyone or distribute drugs into our society for hundreds of people to consume and or sell.   He did not traffick in minors or sexually abuse anyone.   He is a sick person who need treatment; Mr. Bales needs help.    Mr. Bales is still facing a very lengthy prison sentence, but the guidelines of life for this conduct seems excessive.

CONCLUSION

In conclusion, Mr. Bales has physical and mental issues that will make his stay in prison more difficult than the average inmate.   The average sex offender already has a very difficult time in prison but with these added factors this becomes in essence a very harsh and cruel punishment for a person in his state.    We would respectfully ask the court to impose a sentence of 10 years prison followed by a lengthy term of probation with a term of home confinement.   There just seems to be a very long and artificial path from age 31 to Life imprisonment.

Respectfully submitted,

/s/ Corey Cohen, Esq.
Law Office of Corey Cohen P.A.
Florida Bar No. 0657840
605 E. Robinson St. Suite 330
Orlando, Florida 32801
corey@coreycohen.com
Telephone: 407-246-0066

## **CERTIFICATE OF SERVICE**

Hereby certify that a true and correct copy of the foregoing has been electronically filed
with the Clerk of Court(CM/ECF) on this 12 day of November, 2019 by using the CM/ECF
system, which will send a notice of electronic filing to the Assistant United States Attorney.



/s/ Corey Cohen, Esq.
Law Office of Corey Cohen P.A.
Florida Bar No. 0657840
605 E. Robinson St. Suite 330
Orlando, Florida 32801
corey@coreycohen.com
Telephone: 407-246-0066