# PSYCHIATRIC AFFILIATES, P.A.

2300 MAITLAND CENTER PARKWAY, SUITE 211
MAITLAND, FLORIDA 32751

(407) 679-6400   FAX (407) 679-7988

JEFFREY A. DANZIGER, M.D.
*Diplomate, American Board of Psychiatry and Neurology*
*Forensic, Geriatric and Addiction Psychiatry*

SUSAN M. SKOLLY-DANZIGER, PHARM.D., MS
*Diplomate, American Board of Applied Toxicology*
*Forensic Toxicology*

November 7, 2019

Corey Cohen, Esquire
Law Office of Corey Cohen, P.A.
605 E Robinson Street, Suite 330
Orlando, FL 32801

RE:   USA v. Eric Bales
      Case No.: 6:19-cr-00113-PGB-TBS

Dear Mr. Cohen,

Pursuant to your request, I conducted a psychiatric evaluation of your client, Eric Bales. Mr. Bales, the defendant, is a 31-year-old white man, who has pled guilty to Counts One and Two of the Information, and is awaiting sentencing in this matter. I was asked by your office to conduct a psychiatric evaluation of Mr. Bales, and opine as to whether there are any factors relevant towards mitigation in his upcoming sentencing. For the purpose of conducting this examination, I met with the defendant on November 2, 2019, at the Seminole County jail.

I had previously seen this defendant in January 2015, in conjunction with Orange County charges, and I reviewed my earlier psychiatric and psychosexual evaluation. I reviewed investigative reports pertaining to the current Federal charges.

Before the interview began, I explained to Mr. Bales I was not there to see him for any treatment, but instead, for an evaluation requested by his attorney. I added that whatever I was told was not confidential, but rather it would appear in a written report which would be sent only to his attorney. He and his attorney would in turn decide whether the report would be released to any third parties, such as the Judge and prosecutor, or whether I would be asked to testify at a future hearing.

The defendant believes he accepted a plea in Federal Court to one count of distribution of child pornography, and the second count is related to enticing a minor to produce pornography.

Exhibit "A"

COREY COHEN, ESQUIRE
LAW OFFICE OF COREY COHEN, P.A.
RE: ERIC BALES
PAGE 2

### Investigative reports

Eric Bales was investigated by Homeland Security, following a report from the Kik app regarding a user in Orlando believed to be sharing, uploading, or discussing child photography. The user was ultimately identified as Eric Bales.

The investigative report contains a transcript of the conversation Bales had with another user, talking about younger girls. Bales reportedly sent images of two females, ages 12 -16, of a sexualized and pornographic nature.

The transcripts also show that Bales was involved in conversations over Kik with an underage female (age 14), of a highly sexualized nature; Bales reportedly posed as a 16 or 17-year-old male. The girl reportedly sent Bales of the naked pictures of herself, while Bales sent the girl images of a pornographic nature involving minor females. When the underage girl later did not respond to Bales, he reportedly kept messaging her, and threatened to get in contact with her mother, and figure out where she lived, while continuing to ask for pornographic pictures of her.

An investigation of Bales' Kik content yielded six videos involving prepubescent children involved in sexual activity.

The investigative report stated that in November 2009, Bales may have contacted an undercover police officer in Marion County posing as a 14-year-old female. However, the investigation was placed in pending status, due to inability to definitively identify the subject.

In October 2014, Bales was accused of having a 14-year-old girl sneak out of her home to meet with him in a park, where she performed oral sex. Bales accepted a plea to a lesser charge, willful child abuse, and was sentenced to three years in prison. He served two of the three years, and was released without supervision or sex offender conditions.

A search warrant was served on Eric Bales on November 15, 2018. Bales admitted to receiving and sharing hundreds of files of child pornography in the six months prior. He admitted to posing as a 16-year-old boy through the Kik app, and frequenting groups involving younger females ages 10 and up. An initial preview of his computer revealed child pornography files and file names, although a full forensic review was pending.

There was a reference in the report that Bales may suffer from mental illness, possibly Schizophrenia.

### Report of January 31, 2015

When I met with the defendant in January 2015, he was facing charges in Orange County of two counts of lewd or lascivious battery to a person older than 12 but less than 16. In addition to my

COREY COHEN, ESQUIRE
LAW OFFICE OF COREY COHEN, P.A.
RE: ERIC BALES
PAGE 3

interview with the defendant, I conducted psychological testing, and reviewed the charging affidavit and investigative reports. The criminal punishment scoresheet at the time revealed no previous convictions for any criminal offenses.

I obtained the following background history:

*Social history*

*Eric Bales is a 26-year-old white man born March 30, 1988, in Hammond, Indiana. His parents were never married, his father was not in the home, and he was primarily raised by his mother Debra Bales. He has two full brothers Joshua and Matthew, a maternal half-brother Joey, and three paternal half siblings who were not part of his life. He grew up in Hammond, Indiana, and graduated from Clark High School in Whiting, Indiana in 2007. He was held back in kindergarten, but was otherwise in regular classes throughout his schooling, and was a C student. He came to Central Florida to attend Full Sail University, and he received an associate degree in show production touring. Presently he is not working, but in the recent past he did freelance work setting up local concerts and corporate events. His family helps support him financially. He is single, never married, and has no children. Currently he lives with his uncle James Bales in Winter Park; his uncle is ill, and he helps to care for him. He has never been in the military, and is not active in any religious organization.*

*Legal history*

*He denies any previous history of arrests, either as a juvenile or adult. There is no history of sexually related charges, no investigations or allegations for sexual misconduct in the school or work setting, and no investigations by DCF.*

*He does not give a history consistent with a juvenile conduct disorder. He denies as a juvenile running away from home, staying out all night without permission, fire setting, animal cruelty, vandalism, initiating fights, bullying others, sex charges, truancy, stealing from stores, stealing by breaking into homes or cars, stealing by confronting a victim, or being part of a gang.*

*Medical history*

*Mr. Bales is currently on no medications and he reports no known drug allergies. He describes himself as medically healthy. At the age of 14, he suffered an injury to his left knee, and it continues to trouble him at times and is occasionally painful. The only surgery he reports was a tonsillectomy as a child. There is no history of head injury or loss of consciousness.*

COREY COHEN, ESQUIRE
LAW OFFICE OF COREY COHEN, P.A.
RE: ERIC BALES
PAGE 4

### Family history

Mr. Bales reports that his biological father had a history of alcoholism, but he has been sober for many years. A maternal uncle and a maternal great aunt suffered from Schizophrenia. He is not aware of any family members who have attempted suicide.

### Substance use history

Mr. Bales says he smokes cigarettes on an occasional basis, perhaps going through one pack per week. He denies any other use of tobacco.

He drinks alcohol only on a very rare basis. He denies daily drinking, morning drinking, tolerance to alcohol, alcohol withdrawal symptoms, craving alcohol, often drinking more than intended, failed efforts to quit, or alcoholic blackouts. He denies violent behavior when drinking and denies any drunk driving charges. He denies that alcohol use ever resulted in legal, job, or family problems.

He denies ever using street drugs. He denies the use of marijuana, powder cocaine, crack cocaine, heroin, intravenous drugs, ecstasy, crystal methamphetamine, hallucinogens, and inhalants. He denies the abuse of K2, mollies, and bath salts. He denies the abuse of anabolic steroids and dextromethorphan, and he denies the abuse of prescription sedatives, opiates, or stimulants.

He has never attended a 12-step group such as Alcoholics Anonymous or Narcotics Anonymous. He has never attended a drug or alcohol rehabilitation program.

### Psychiatric history

Mr. Bales has never been admitted to a psychiatric hospital or any residential treatment center. He has never been treated with psychotropic medications, and he has never received treatment from a psychiatrist, psychologist, or psychotherapist. There is no history of suicide attempts, no history of self-injury, no history of aborted or interrupted suicide attempts, and he has never made any serious plans or preparations to end his life.

Mr. Bales reports a history of rather chronic depression going back at least the past several years. His mother at times has asked him if anything was wrong and noticed that he was feeling sad. The depressive symptoms have been persistently present, although they have fluctuated somewhat in intensity. He reports generally feeling sad, pessimistic, and self-critical, and he notes less joy in things that he usually enjoys, such as throwing darts and playing musical instruments. The depression has never been of suicidal proportions. When he is feeling particularly badly, he may worry and ruminate, and have trouble with insomnia. He clarified for

COREY COHEN, ESQUIRE
LAW OFFICE OF COREY COHEN, P.A.
RE: ERIC BALES
PAGE 5

*me that these feelings of depression definitely predate the October 2014 arrest, but he is feeling more distressed in the aftermath.*

*There is no history of hallucinations, delusions, or psychotic symptoms. He does not give a history of hypomanic or manic episodes; he denies episodes lasting four days or longer of elation, euphoria, grandiosity, pressured speech, markedly increased energy, or a decreased need for sleep. He does not give a history of panic episodes that occur spontaneously, nor does he describe any avoidance or agoraphobic behavior. He does not report the repetitive rituals or possession of thinking of obsessive-compulsive disorder. He was never diagnosed with ADHD, and he does not give a history dating back to childhood of inattention, impulsivity, or increased motor behavior.*

I obtained the following information regarding his sexual history:

*As noted above, Mr. Bales denied any previous arrests or investigations for sexual misconduct. He denied ever being the victim of physical or sexual abuse. Other than the current set of charges, he denies any other instances in his life where he engaged in sexual contact with an underage or unwilling person.*

*Mr. Bales denied exhibitionism, public masturbation, voyeurism, and frottage. He denied any interest or experience with sadomasochism, bondage and discipline, and dominance and submission. He has never paid for telephone sex, and he has never made an obscene telephone call to an unsuspecting person. He has never been with a prostitute. He denies any fetishes involving devices or body parts. There is no history of sexual interest involving urine, feces, or animals. There is no history of cross-dressing, and he denies any gender identity issues. He denied ever having sex with someone who was a stranger.*

*Mr. Bales first had sex when he was about 16 years old with a girl who was 18. He estimates 15 lifetime sexual partners, all of them females. With the exception of the current offense, all of them were roughly his same age, with the exception of one who was 10 years older. He denies any sexual interest in males and denies any experimentation in this area. He also denies any sexual interest in children. Currently he is not involved in any dating relationship.*

*He first began to look at pornography on the computer when he was about 13 years old. His interest involved looking at images of adult heterosexual sex, with the occasional viewing of female to female sexual activity. He denied viewing male to male pornography, and he denied ever viewing or possessing child pornography. He denied having any interest in extreme, sadomasochistic, or violent pornography. As he grew older, he looked at pornography less often, perhaps no more than once a week.*

COREY COHEN, ESQUIRE
LAW OFFICE OF COREY COHEN, P.A.
RE: ERIC BALES
PAGE 6


I conducted psychological testing, specifically the MMPI-2 and the Abel Assessment for Sexual Interest, third edition. I also completed the actuarial Static-99R. I wrote the following regarding the testing results:

*Mr. Bales completed the Minnesota Multiphasic Personality Inventory, second edition (MMPI-2) on my laptop computer. The test was scored using the computer software authored by James N. Butcher PhD and published by Pearson Inc.*

*Mr. Bales generated a valid MMPI-2 profile. His responses to the validity items suggest that he cooperated with the evaluation enough to provide useful interpretive information. The resulting clinical profile is probably an adequate indication of his present personality functioning.*

*The clinical profile showed a number of elevations, which were consistent with a pattern of chronic psychological maladjustment. The clinical profile is consistent with an individual overwhelmed by anxiety, tension, and depression, he feels helpless, alone, inadequate, and insecure. He is likely functioning at a low level of efficiency, overreacting to minor stress, and experiencing low morale and a depressed mood. He is plagued by anxiety and worry about the future. He finds it difficult to manage routine affairs, and his item responses suggest poor memory, concentration problems, and difficulty making decisions.*

*Individuals with this profile may suffer from chronic depressive or a chronic anxiety-based illness. His symptoms of depression, anxiety, agitation, and tension are likely interfering with his social relationships and life functioning, along with his significant feelings of despair and worthlessness. His proneness to experience anxiety, depression, and obsessive thinking might make it difficult for him to think clearly or function effectively.*

*Mr. Bales also completed the Abel Assessment for Sexual Interest, third edition (AASI-3). This test is an empirically validated comprehensive evaluation and treatment assessment system for clinicians to use with adult men and women with sexual behavior problems. It is specifically designed to measure a client's sexual interest and to obtain information regarding involvement in a number of abusive or problematic sexual behaviors.*

*The first part of the test is a lengthy self-assessment questionnaire that obtains detailed information about an individual's sexual history and sexual attitudes. Consistent with the interview, he denied problematic behaviors such as child pornography, obscene telephone calls, telephone sex, exhibitionism, public masturbation, voyeurism, prostitutes, fetishism, or sadomasochism. He denied being abused as a child.*

*Mr. Bales generated an intermediate or problematic score on the cognitive distortion scale. The items on this scale describe potential justifications frequently used by persons who are sexually involved with children. A higher score suggestive greater use of these distortions, and his score was in the intermediate or problematic range. He also generated an intermediate or problematic*

*score in the social desirability scale. The items on this scale measure a person's reluctance to admit to any violation of common social values such as impatience or feelings of anger. A higher score may suggest the examinee is responding to the test items in a defensive or guarded fashion.*

*The second part of the test has the examinee view non-pornographic images of men and women, boys and girls, of different ages and races. In a manner beyond the client's conscious awareness, the test can provide an objective measurement of interest in these various groups.*

*Mr. Bales generated a normal pattern of sexual interest for an adult male who states he is heterosexual. He showed no interest in males of any age, and no interest in grade school or preschool females. His only areas of sexual interest were in adult females and post pubescent adolescents. It should be noted that scores for post pubescent adolescents similar to the scores for adults are not a sign of sexual deviation; sexual interest in adolescents is biologically normal, though of course a serious legal and boundary violation if acted upon.*

*I also completed the Static 99R, an actuarial measure that compares the defendant to the universe of sexual offenders and provides an estimate as to the risk of recidivism. The instrument looks at demographic factors, prior sexual and nonsexual legal history, and victim and offense characteristics.*

*Mr. Bales scores one point for being under the age of 35, and he scores one point because he has never lived with a lover for at least two years. He scored zero points because other than the sexual activity, the current index offense did not involve any additional charges of violence. He scored zero points because of an absence of prior violent convictions, zero points for an absence of prior sex offenses, zero points for an absence of prior sentencing dates, and zero points for an absence of any convictions for noncontact sex offenses. He scores one point because the victim was not related to him, and zero points because she was female. He also scores zero points because he had contact with the victim over more than 24 hours and she is not considered a stranger. His overall score was three points, which places him in the low moderate risk category for recidivism.*

I diagnosed the defendant with the Major Depressive Disorder, Recurrent, Moderate. Given the results of testing, the clinical interview, and the absence of any prior legal or inappropriate sexual history, I opined he did not suffer from any psychosexual disorder or sexual paraphilia. I wrote that the incident that led to his arrest was an isolated one in an otherwise law-abiding life, with no previous history of sexually worrisome or problematic behavior. I opined that with appropriate safeguards normally placed on individuals found guilty of sexual offenses, the defendant did not represent a heightened risk of harm to minors in the community or the community at large.

COREY COHEN, ESQUIRE
LAW OFFICE OF COREY COHEN, P.A.
RE: ERIC BALES
PAGE 8

## Current interview of November 2, 2019

<u>Updated social history</u>

Eric Bales is now 31 years old. He remains single and never married, with no children. As noted above, following my meeting with him in January 2015, he accepted a plea to a non-sexual charge of willful child abuse. He was sentenced to three years in prison, serving time at the Tomoka and Avon Park facilities, then being released after two years. He was not placed on any sex offender restrictions, and was released without supervision.

Prior to his arrest on the current charges, he was living with his uncle James Hales, in a house owned by his aunt Amy Gael; he did not need to pay rent. He was working part-time assisting with show productions at medical meetings and conventions, but did not have full-time or steady employment. He has never served in the military.

<u>Current medical history</u>

Mr. Bales is not currently taking any medication that the jail, and he reports no known drug allergies. He suffers from hypertension, and is morbidly obese, at 6'2" tall and roughly 400 pounds. He suffers from chronic left knee pain, but has not undergone any surgery.

Prior to his arrest, he did not have a regular primary care physician. He was not under the care of any other healthcare providers, of any degree or discipline.

<u>Substance use history</u>

Prior to his arrest on the current charges, Bales was smoking Marlboro cigarettes, about one pack per day.

He admitted to the heavy and daily use of alcohol, drinking at least six shots most nights of the week at a pool hall, while also drinking large amounts of Smirnoff vodka at home. He reported daily drinking, craving alcohol, tolerance to alcohol, often drinking more than intended, failed efforts to quit drinking, morning shakes, and drinking alcohol in the morning to alleviate tremors. He reported some failure to meet obligations at work because he was too drunk or hung over. He denied violent behavior while drinking, and denied DUI arrests. He has never participated in Alcoholics Anonymous or any alcohol rehabilitation program.

He denied problems with the use of street drugs. He has tried marijuana, but did not find it pleasurable, and never used it regularly. He denied the use of powder cocaine, crack cocaine, heroin, intravenous drugs, ecstasy, Molly, crystal methamphetamine, hallucinogens, and inhalants. He denied the abuse of anabolic steroids or GHB. He denied the misuse of prescription sedatives, opioids, or stimulants.

COREY COHEN, ESQUIRE
LAW OFFICE OF COREY COHEN, P.A.
RE: ERIC BALES
PAGE 9

Psychiatric history

As noted above, when I met for the defendant in January 2015, he reported a history of chronic depression. During my current meeting with the defendant, he described chronic feelings of sadness and depression dating back to childhood. He described himself as "sad a lot", with feelings of hopelessness and worthlessness, lack of joy in things, and little motivation. The depressive feelings are accompanied by insomnia, along with increased appetite and weight gain. There are carbohydrate cravings, and in addition to all of the calories from alcohol, he was drinking an average of 12 Coca-Cola cans each day.

He has never been hospitalized in a psychiatric facility, and never been Baker acted. He has never been treated with psychiatric medication. In 2015 he saw a therapist for several months at the request of his family. He found the therapy of some benefit, but therapy ended later in 2015 when he was sentenced to prison. The therapist suggested medication for depression and insomnia, but Mr. Bales did not wish to take medication.

He has never carried out a suicide attempt. A few months prior to his arrest on the current charges, he was feeling so poorly that he held pills in his hand, and contemplated an overdose, but he aborted the attempt. He denied any other history of suicide attempts, denied other aborted suicide attempts, denied self-injurious behavior, and denied other preparations to end his life, such as writing a suicide note or giving away his belongings.

He reported hearing multiple voices, like a conversation, of people talking amongst themselves. The voices occasionally comment on his actions, but do not speak directly to him, do not insult him, and do not give him orders or commands. The voices are not of a violent nature, and do not tell him to hurt himself or others. He reports occasional shadowy images at the edge of his vision, although these are not well-formed or distinct.

He reported brief episodes, lasting one or two days, where he has increased energy, does not need much sleep, and his thoughts race. The longest such episode lasted four days, and these episodes occur perhaps half a dozen times each year. During these episodes he has so much energy, he may stay up all night cleaning the house. People have told them during these episodes that he seems unusually happy, asking him if he "won the lottery or something".

Mr. Bales, as noted in my 2015 report, has at least two maternal relatives diagnosed with Schizophrenia, and several maternal relatives with alcoholism. He has almost no knowledge of paternal relatives.

Mental status examination

Mental status examination revealed a white man, about 6'2" tall and 400 pounds, dressed in a red Federal jail uniform. He reported being in general population, and not in protective or administrative confinement. He has no tattoos, and is missing several teeth, the result of being punched while in prison. He was generally cooperative and pleasant throughout the interview. Speech was of a regular rate and rhythm, and motor behavior was normal. His flow of thought was logical and sequential. As noted above, he reported occasional auditory and visual hallucinations, but reported no such phenomena the day of our meeting.

He denied suicidal ideas or plans, and denied any wish to go to sleep and never wake up. He denied any recent self-injurious behavior, denied recent aborted or interrupted suicide attempts, and denied any preparations to end his life, such as writing a suicide note or giving away his belongings. He described his mood as on the depressed side, with feelings of hopelessness and worthlessness, with erratic sleep and appetite. He did not present as agitated or irritable. He did not present with any symptoms suggestive of mania; he did not present with flight of ideas, increased motor behavior, pressured speech, elation, or grandiosity. He was fully oriented with a clear sensorium, recent and remote memory was intact, and intellect was roughly in the dull average to average range.

Updated sexual history

As noted above, when I met with the defendant in January 2015, I obtained information regarding his sexual history. The defendant continued in November 2019 to deny interest in exhibitionism, public masturbation, voyeurism, and frottage. He denied interest in sadomasochism, bondage and discipline, or dominance and submission. He denied fetishes involving objects or body parts. He has never been with a prostitute. There was no history of cross-dressing, and no gender identity issues. He denied any interest in sexual activity involving urine, feces, or animals. He admitted to having one-time sexual encounters with women who were strangers to him, whom he met through the Internet.

At the time of his arrest on the current charges, he was not involved in any dating or romantic relationship.

He self-reported his sexual interest as females only. He said that he "trended younger", but not younger than 16. He denied sexual interest in younger or pre-pubescent children, and he denied sexual interest in males of any age.

He acknowledged that the search of his computer revealed some child pornography. He said that people may have sent it to him, but he did not masturbate or find sexual interest in pornography involving prepubescent children. He admitted to sexual attraction to post-pubescent teenage and adult females.

COREY COHEN, ESQUIRE
LAW OFFICE OF COREY COHEN, P.A.
RE: ERIC BALES
PAGE 11

I inquired about any adverse childhood experiences. He recalled that when he was 12 years old, his mother's boyfriend was drunk, woke him up, and "something happened." Mr. Bales does not recall just what happened, but believes he was abused in some fashion. Also, when he was 12 years old, a woman in her 30s who lived in another state showed him naked pictures of herself through a web camera. He never met this woman in person.

He recalled that his stepfather, when intoxicated on alcohol, was physically aggressive to him. He had a band teacher who had sex with female students, and who is now in prison; this band teacher never sexually or physically abused him, but there may have been some inappropriate jokes and comments about females that he shared.

Psychological testing

I did not to repeat the Abel testing, which was done in 2015.

A repeat of the actuarial Static-99R yielded a score of four points, placing him in the moderate-high risk for recidivism. He scored one point because he is under the age of 35, one point because he has never lived with a lover for two years, one point for the prior sexual charges, and one point because the victim in the current matter was unrelated to him.

**Diagnosis**

- Schizoaffective Disorder, Bipolar Type
- Alcohol Use Disorder, in a controlled environment
- Obesity, Hypertension
- Pedophilic Disorder, Non-Exclusive Type, Females Only versus Other Specified Sexual Paraphilia

**Discussion and opinions**

I was asked to conduct a psychiatric evaluation of Eric Bales, a 31-year-old white man who pled guilty in Federal Court to child pornography charges, and charges involving the enticement of a minor to produce such images. As noted above, I had previously seen Mr. Bales for an evaluation in January 2015, when he was facing Orange County charges of a sexual nature. He ultimately pled guilty in 2015 to a non-sexual charge, and after serving two years in prison, was released into the community without any supervision. He then used his access to the Internet, which was not in any way limited, and his actions resulted in the current charges, and ultimately an acceptance of a plea offer from the Government.

When I met with Mr. Bales in 2015, he reported rather chronic and continuous depressive symptoms. He now reports occasional hypomanic episodes, characterized by an elated mood,

COREY COHEN, ESQUIRE
LAW OFFICE OF COREY COHEN, P.A.
RE: ERIC BALES
PAGE 12

staying up all night cleaning, racing thoughts, markedly increased energy despite a decreased need for sleep, and people reporting that his behavior seems unusually happy. He also reports some intermittent auditory hallucinations, which occasionally comment on his actions, but do not give him commands, and for the most part babble amongst themselves; he also reports some occasional shadowy images, but nothing well-formed.

He is not endorsing any extreme psychiatric symptoms suggestive of feigning or exaggeration; rather, the hypomanic and psychotic symptoms are relatively mild in nature. He is not reporting any command hallucinations ordering him to violate the law or do anything dangerous. As such, the combination of chronic depression, intermittent hypomania, and mild hallucinatory phenomena are suggestive of a Schizoaffective Disorder, as per the DSM-5.

Mr. Bales also reports a significant alcohol history, with daily drinking, tolerance to alcohol, alcohol withdrawal symptoms, morning drinking, often drinking more than intended, and failed efforts to cut down on his drinking. He reported that the use of alcohol does seem to help alleviate the depressive symptoms, and there may be an element of self-medication to his drinking. He would meet the DSM-5 criteria for an Alcohol Use Disorder, which is currently in an enforced state of sobriety in the controlled setting of the jail.

It is uncertain whether Mr. Bales meets the strict DSM-5 criteria for Pedophilic Disorder, referring to intense sexual urges or fantasies involving prepubescent children, although I cannot rule it out. His self-reported interest is not in prepubescent females, but in young female teens and adults, who are post-pubescent. It is notable that the Abel testing performed in 2015 did not reveal sexual interest in prepubescent children, although the Abel testing has roughly a 15% false negative rate. However, the investigative report referenced that numerous child pornography images were likely to be found on the computer belonging to Mr. Bales. If many of these images are of very young children, it would be hard to exclude a diagnosis of Pedophilic Disorder.

However, even if the strict criteria for Pedophilic Disorder are not met, the defendant's behavior is suggestive of psychosexual pathology. His interest in young teens, his collecting of pornographic images, and the manner by which he engaged in highly sexualized conversation with a 14-year-old would be indicative of a sexual paraphilia (Other Specified Sexual Paraphilia).

Mr. Bales, in my opinion, suffers from what is likely Schizoaffective Disorder, along with an Alcohol Use Disorder; the use of alcohol likely offers a degree of self-medication to the distressing and chronic depressive symptoms he suffers from. His primary sexual interests appear to be young but post-pubescent teens, along with adult females, but I cannot rule out or exclude sexual interest in prepubescent children; I cannot exclude the diagnosis of Pedophilic Disorder. If he does not meet the strict criteria for Pedophilic Disorder, his interest in young teens, his collecting of such pornographic images, and his contact with the alleged victim over the Internet are suggestive of a psychosexual disorder. Further, I cannot opine that the

COREY COHEN, ESQUIRE
LAW OFFICE OF COREY COHEN, P.A.
RE: ERIC BALES
PAGE 13

Schizoaffective Disorder symptoms substantially contributed to the conduct that the defendant has pled to.

Mr. Bales does, in my opinion, suffer from a psychiatric disorder (Schizoaffective) unrelated to substance use, and unrelated to his psychosexual disorder. He would benefit from treatment with mood stabilizing medications, given the depressive and hypomanic episodes, along with the intermittent and mild psychotic phenomena. While he is an enforced state of sobriety, he would benefit from alcohol rehabilitation counseling. Whenever he is ultimately released from confinement, whenever the Court allows, it is my opinion he would require sex offender supervision and restrictions, along with sex offender treatment, to minimize the risk of further recidivism.

The above opinions are to a reasonable degree of medical certainty.

Respectfully submitted,

Jeffrey A. Danziger, M.D.

JAD/ss